# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JEMIMA ST. FLEUROSE,
OTHNER ST. FLEUROSE,

                **Plaintiff,**

-vs-                                   **Case No.  6:06-cv-1272-Orl-18KRS**

WORLDWIDE DEDICATED SERVICES,
INC.,

                **Defendant.**

_____

## ORDER

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION TO ALLOW USE OF REBUTTAL EXPERT TESTIMONY (Doc. No. 28)** |
| **FILED:** | **October 12, 2007** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

      The Case Management and Scheduling Order in this case required the plaintiffs to disclose their expert witness reports on or before April 16, 2007, and for the defendant to disclose its expert witness reports on or before June 15, 2007.  It did not provide for disclosure of rebuttal expert witness reports.  Discovery closed in this case on October 15, 2007.  Doc. No. 11.

      On June 20, 2007, plaintiffs served a document entitled "Plaintiffs' Rule 26(a)(2) Disclosure of Expert Testimony."  Doc. No. 16 at 9.  In this document, counsel for plaintiffs wrote in relevant part

as follows: "[N]o expert reports have been prepared at this time, however, photographs taken by James I. Parrish, P.E. have previously been provided to Defendant." *Id.*

On July 16, 2007, counsel for plaintiffs filed a motion seeking an enlargement of time to provide rebuttal expert witness reports. In support of the motion, counsel wrote as follows: "Plaintiffs provided expert disclosure to the defense pursuant to Rule 26(a)(2)(C) as to rebuttal testimony, however, are not able to provide complete information due to the fact that both experts have previously scheduled lengthy summer vacations which are occurring during the period provided for a response." Doc. No. 18. I denied the motion without prejudice both because it lacked a certification of the good faith conference required by Local Rule 3.01(g) and because good cause had not been shown for belated disclosure of expert witness reports. Doc. No. 19.

Two months later, on September 14, 2007, plaintiffs filed a renewed motion to permit it to rely on expert witness testimony. Counsel for the plaintiffs represented that expert witness reports of James L. Parrish, P.E., and Richard B. Gilson, Ph.D., had been disclosed on July 16, 2007, which reports contained "everything required by the Rule *except the actual opinions of the experts*." Doc. No. 22 ¶ 4 (emphasis added). The defendant opposed the requested relief. Doc. No. 23.

On September 27, 2007, I denied the motion without prejudice. Doc. No. 23. I directed counsel for plaintiffs to file an amended motion, on or before October 4, 2007, attached to which should be the copies of the complete proposed rebuttal experts' reports. I again required that the amended motion show good cause for the failure to tender the expert witness reports within the time required by the Case Management and Scheduling Order. Doc. No. 24.

On October 9, 2007, three business days after the date on which the amended motion was due, counsel for plaintiffs filed a document entitled Plaintiffs' Reply to Court Order Regarding Rebuttal Expert Witnesses.  Doc. No. 26.  Counsel for plaintiffs attached to the motion the complete expert reports, which he represented had been served on counsel for the defendant on September 17, 2007. Counsel for plaintiffs did not address why the reports could not have been served earlier.  Doc. No. 26.

On October 12, 2007, plaintiffs finally filed a renewed motion to allow them to rely on the opinions of their rebuttal expert witnesses.  The only good cause offered for the failure to disclose the expert witness reports timely was as follows:

> 2.      On June 15, 2007, the Defendant disclosed its expert testimony that essentially placed the cause of the accident on the Plaintiff.
>
> 3.      Upon reviewing this information, Plaintiffs made every effort to locate[ ] experts to review all relevant information, including the Defendant's expert reports.
>
> 4.      Unfortunately for Plaintiffs, the experts obtained were both in the middle of summer vacation and couldn't fully prepare reports until later.

Doc. No. 28.  No evidence was offered to support these assertions.  Counsel for the plaintiffs contends that the defendant was not prejudiced because the defendant could have scheduled either expert for deposition at any point prior to the discovery cut-off.  *Id.* at 2.

In opposition to the motion, the defendants assert that the summer vacation schedule of the plaintiffs' experts should not have interfered with timely production of the reports when originally due on April 16, 2007.  The defendant further contends that it selected its expert witnesses in reliance on the belief that the plaintiffs did not intend to offer expert opinions based on their failure to make

timely expert witness disclosures.  Finally, defendant asserts that plaintiffs' proposed experts are not merely rebuttal experts.  Rather, they contend that plaintiffs intend to offer the expert testimony to rebut plaintiffs' case-in-chief.  Doc. No. 32.

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . , compliance with the requirements of Rule 26 is not aspirational."  *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004).  Accordingly, the *Cooper* court found that the district judge acted within his discretion by excluding the opinion of an expert witness who had not been properly identified as such and who had not disclosed an expert report.  *Id.*  Federal Rule of Civil Procedure 16(f) permits the Court to sanction a party who fails to obey a scheduling order.

It is inconceivable that counsel for the plaintiffs did not perceive the need for expert witnesses until their counsel reviewed the defendants' expert witness reports in light of Plaintiff Jemima St. Fleurose's admissions that she does not remember the accident underlying the complaint in this case.  *See* Doc. No. 30.  There is no evidence supporting the plaintiffs' contention that neither of their expert witnesses was available to render complete expert witness reports at any time before September 17, 2007, when the reports were served. Thus, the plaintiffs have failed to establish good cause for the belated disclosure.

Nevertheless, as shown by defendants' motion for summary judgment, precluding the plaintiffs from relying on the expert witness reports would, essentially, prevent them from presenting any evidence in support of their claims.  This is too severe a sanction if any lesser sanction would remedy the harm caused to the defendant by the belated disclosure.  Because the defendant admits that it has

-4-

obtained its own expert witnesses, the harm arising from the belated disclosure can be remedied by (1) permitting the defendant to depose plaintiffs' expert; (2) permitting the defendant to supplement the opinions of its expert witnesses, if necessary, based on the deposition of the plaintiffs' experts; and, (3) permitting the defendant to amend its motion for summary judgment to address the opinions of plaintiffs' experts.

Accordingly, it is **ORDERED** as follows:

1.      The plaintiffs shall produce their experts for depositions on or before November 2, 2007, at a place and time chosen by counsel for the defendant.  Plaintiffs shall pay the expert witness fees and related expenses of each expert for attending these depositions.

2.      On or before November 16, 2007, defendant may serve supplements to its expert witness reports, and may file an amended motion for summary judgment, which may be supported by the supplemental opinions of the defendant's expert witnesses;

3.      The plaintiff shall file and serve a response to the amended motion for summary judgment on or before December 7, 2007.

Failure of the plaintiffs to abide by the terms of this Order shall result in a recommendation that the testimony of their expert witnesses be precluded.

**DONE** and **ORDERED** in Orlando, Florida on October 24, 2007.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties