# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JEMIMA ST. FLEUROSE,
OTHNER ST. FLEUROSE,
        Plaintiff,

-vs-                                        Case No. 6:06-cv-1272-Orl-18KRS

WORLDWIDE DEDICATED SERVICES,
INC.,
        Defendant.

## ORDER

THIS CAUSE comes before the Court upon Defendant Worldwide Dedicated Services, Inc's. ("Worldwide") Objection to, and Motion to Set Aside Magistrate's Order Granting Plaintiffs' Motion to Use Rebuttal Expert Evidence. (Doc. 34, filed November 1, 2007.) Plaintiffs Jemima and Othner St. Fleurose (collectively "Plaintiffs') filed no response to Worldwide's motion. Plaintiffs bring this action to recover tort damages. After considering Worldwide's Objection and the Magistrate's Order (Doc. 33, filed October 24, 2007), this Court sets aside the Magistrate's Order of October 24, 2007 and grants Worldwide's motion.

### I. BACKGROUND

On January 30, 2006, Plaintiff Jemima St. Fleurose and Samuel Matos, an employee of Worldwide, were involved in a collision at the intersection of State Road 600 and Avenue A in Kissimmee, Florida. Matos was driving a 2000 Volvo truck leased by Worldwide. Jemima St. Fleurose alleges injuries, pain and suffering, and other damages; Plaintiff Othner St. Fleurose claims loss of consortium and other damages based on his wife's injuries.

Plaintiffs filed their complaint in Florida Circuit Court on July 5, 2006. (Doc. 2, filed August 25, 2006.) It was removed to this Court on August 25, 2006. (Doc. 1.) On November 10, 2006, the parties submitted the Case Management Report (Doc. 10), and the Court entered its Case Management and Scheduling Order on November 15, 2006. (Doc. 11.) The Order required Plaintiffs to disclose their expert reports on April 16, 2007, Worldwide's deadline was June 15, 2007, and the discovery deadline was set for October 15, 2007. (Doc. 11 at 1.)

Plaintiffs failed to disclose any expert reports by April 16. Worldwide served its reports on June 15. On June 20, 2007, Plaintiffs served "Plaintiffs' Rule 26(a)(2) Disclosure of Expert Testimony," which stated "no expert reports have been prepared at this time, however, photographs taken by James L. Parrish, P.E. have previously been provided to Defendant." (Doc. 16, Exhibit A, filed June 28, 2007.) Worldwide subsequently moved to preclude Plaintiffs from using expert evidence. (Doc. 16.) The Hon. Karla R. Spaulding, United States Magistrate Judge, issued an Order responding to Worldwide's June 28 Motion. (Doc. 21, filed August 31, 2007.) Judge Spaulding ordered "that Plaintiffs may not cite or rely upon expert witness testimony at trial or in support of motions or responses thereto in the present case." (Id. at 2.) However, Judge Spaulding also ordered "that Plaintiffs may, on or before September 14, 2007, file a motion for leave to rely upon rebuttal expert witnesses." (Id.) Plaintiffs filed the motion (Doc. 22, filed September 14, 2007) and Worldwide responded in opposition. (Doc. 23, filed September 16, 2007).

Plaintiffs' September 14th motion failed to comply with the August 31st Order, and Judge Spaulding gave Plaintiffs another opportunity at compliance, due by October 4, 2007.

(Doc. 24, filed September 27, 2007.) Plaintiffs' next attempt at compliance, entitled "Plaintiffs' Reply to Court Order Regarding Rebuttal Expert Witnesses" (Doc. 26, filed October 9, 2007), was neither timely nor responsive to the September 27th Order. Judge Spaulding dispatched this filing with a docket entry on October 10, 2007. (Doc. 27.) On October 12, 2007, Plaintiffs filed a Motion to Allow Use of Rebuttal Expert Testimony. (Doc. 28.) Judge Spaulding granted this motion (Doc. 33), to which Worldwide filed its timely objection.[1] (Doc. 34.)

## II. DISCUSSION

A district court may review, upon timely objection, the non-dispositive orders of a Magistrate Judge. Rule 72(a) of the Federal Rules of Civil Procedure provides: "The district judge to whom the case is assigned . . . shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."

In Federal Court, discovery is governed by the Federal Rules of Civil Procedure; disclosure of expert witnesses is governed by Rule 26. Rule 26 allows the court to set deadlines for disclosures and offers a schedule that applies only when the court declines to set the schedule. Rule 37 provides sanctions for a party's failure to comply with Rule 26: "a party that without substantial justification fails to disclose information required by Rule 26 . . . is not,

---

[1] Since the October 24th Order, both parties have filed motions in an attempt to settle the issue of expert witnesses. Plaintiffs have filed a Motion to Allow Testimony of Expert Witnesses. (Doc. 40, filed November 16, 2007.) In addition to a memorandum in opposition to the aforementioned motion (Doc. 45, filed November 27, 2007), Worldwide has filed motions to suppress the testimony of Plaintiffs' rebuttal witnesses (Doc. 38, filed November 16, 2007; Doc. 44, filed November 16, 2007.) While this Order does not consider the merits of these motions, it will serve to render all of them moot.

unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed."

Rule 37 excuses a failure to disclose only after two elements have been satisfied: first, there must be substantial justification for the failure, and second, the failure must be harmless. Plaintiffs offered as justification "the experts obtained were both in the middle of summer vacations and couldn't fully prepare rebuttal reports until later." (Doc. 28 at 1.) Plaintiffs' Motion to Allow Testimony of Expert Witnesses (Doc. 40) offers no justification for Plaintiffs' original failure to make the required disclosures. Judge Spaulding also found that Plaintiffs lacked good cause for the failure to make disclosures, stating:

> It is inconceivable that counsel for the plaintiffs did not perceive the need for expert witnesses until their counsel reviewed the defendants' expert witness reports in light of Plaintiff Jemima St. Fleurose's admissions that she does not remember the accident underlying the complaint in this case. There is no evidence supporting the plaintiffs' contention that neither of their expert witnesses was available to render complete expert witness reports at any time before September 17, 2007, when the reports were served. Thus, the plaintiffs have failed to establish good cause for the belated disclosure.

(Doc. 33 at 4.) This Court finds that Plaintiffs are without substantial justification for their failure to comply with deadlines in the Case Management and Scheduling Order.

Having determined that no substantial justification exists, the Court must consider whether the failure is harmless. Plaintiffs stated that "Defendant has not [been] prejudiced by any issues as to the timeliness of the reports as Defendant was aware of the experts, could have scheduled either for deposition at any point prior to the discovery cut-off and these reports are simply rebuttal evidence to their previously provided expert opinions." (Doc. 28 at 2.) If the Plaintiffs' experts' reports were "simply rebuttal evidence" they should have, pursuant to Rule

26(a)(2)(c), been disclosed by July 16, 2007. Rule 26(a)(2)(c) states "in the absence of other directions from the court . . . evidence [that] is intended solely to contradict or rebut evidence . . . [must be disclosed] within 30 days after the disclosure made by the other party." Whether the evidence is intended to be used for rebuttal or in the Plaintiffs' case in chief is irrelevant to the inquiry regarding the harm (or harmlessness) of Plaintiffs' failure to meet deadlines.

Plaintiffs bear the burden of proving the failure to comply was harmless. See U.S. v. Batchelor-Robjohns, No. 03-20164-CIV, 2005 WL 1761429 at *2 (S.D. Fla. June 3, 2005) (stating "the burden rests upon the non-producing party to demonstrate that its actions were substantially justified or harmless.") Plaintiffs failed to respond to the present motion, so no evidence has been offered that the failure was harmless. "Where no memorandum in opposition has been filed, the Court routinely grant the motion as unopposed." (Doc. 11 at 5.) Worldwide, however, describes several ways it has been harmed by Plaintiffs' failure to disclose. (Doc. 34 at 11.) Among those are additional litigation costs, rescheduling to accommodate the depositions, a compressed time to prepare for the depositions, and additional consultations with their experts. The October 24th Order found that the failure was not harmless: "the harm arising from the belated disclosure can be remedied. . . ." (Doc. 33 at 5.) This Court agrees, and finds Plaintiffs failure to disclose expert reports was not harmless.

Having found that Plaintiffs lack substantial justification for their failure to disclose expert reports in accordance with the Case Management and Scheduling Order and the Federal Rules of Civil Procedure, and that Plaintiffs' failure to disclose was not harmless, this Court finds the October 24, 2007 Order (Doc. 33) to be contrary to law.

## III. CONCLUSION

For the foregoing reasons, Worldwide's Motion to Set Aside Magistrate's Order (Doc. 34) is **GRANTED**. Accordingly, it is **ORDERED** as follows:

1. The Order granting Motion to Allow Use of Rebuttal Expert Testimony (Doc. 33) is **SET ASIDE**

2. Plaintiffs are precluded from introducing expert testimony at trial, at a hearing, or on a motion or response to a motion.

3. Plaintiffs' Motion to Allow Use of Rebuttal Expert Testimony (Doc. 28) is **DENIED**.

4. Worldwide's Motion to Suppress Testimony of Plaintiffs' Rebuttal Expert James Parrish (Doc. 38, filed November 16, 2007) is **DENIED** as moot.

5. Plaintiffs' Motion to Allow Testimony of Expert Witnesses (Doc. 40, filed November 16, 2007) is **DENIED** as moot.

6. Worldwide's Motion to Suppress Testimony of Plaintiffs' Rebuttal Expert Richard Gilson (Doc. 44, filed November 16, 2007) is **DENIED** as moot.

**DONE** and **ORDERED** in Orlando, Florida on this 5 day of November, 2007.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties